## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNWINE'D WI LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) **COMPLAINT** <br> ) <br> ) (Trial by Jury Demanded) |
| UNWINED LLC, | ) |
| Defendant. | ) |

Plaintiff, UnWine'd WI LLC ("Plaintiff" or "UnWine'd"), for its Complaint against Defendant Unwined LLC ("Root River Unwined"), alleges as follows:

### THE PARTIES

1. UnWine'd is a Wisconsin limited liability company with a principal place of business at 201 Main Street, Onalaska, Wisconsin 54650.

2. Upon information and belief, Root River Unwined is a Minnesota limited liability company with a principal place of business at 102 Coffee Street W, Lanesboro, Minnesota 55949.

### JURISDICTION AND VENUE

3. This is an action for unfair competition under 15 U.S.C. § 1125(a), deceptive trade practices under Minnesota State law ("Minn. Stat. Ann.") § 325D.44, and unfair competition and trademark infringement under the common law of the State of Minnesota.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 because the matter in controversy concerns the

federal question of unfair competition. This Court has supplemental jurisdiction over the related State law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant resides and/or has a principal place of business in this District and a substantial part of the events giving rise to this lawsuit occurred here.

6. For the same reasons as set forth in paragraph 6 of this Complaint, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

### I. Plaintiff UnWine'd WI LLC

7. UnWine'd is a restaurant and wine bar that has offered restaurant and bar services to the public since at least as early as March 31, 2005. During this time, UnWine'd has continuously used the name and mark UNWINE'D (the "UNWINE'D Mark") in connection with its goods and services.

8. Ellen Dettmann ("Dettmann") is the founder of UnWine'd and owned and operated the establishment until on or about February 14, 2019. On or about February 14, 2019, Meghan Schoh ("Schoh") purchased Unwine'd from Dettmann and is the current owner.

9. UnWine'd maintains a website at https://unwinedwi.com/ on which it publishes information about its wine bar, goods it offers for sale, including gift items and gift cards, and events. The website is the company's primary method of providing information to its customers, including changes to its hours, operations, and location.

UnWine'd also maintains a Facebook page and an Instagram account on which it promotes its business and publishes information and photographs.

10. UnWine'd is located in a renovated historical building in Onalaska, Wisconsin that is located just off of State Trunk Highway 35 and is easily accessible from Minnesota. In addition to drawing customers from around Wisconsin, UnWine'd often has customers from Minnesota and Iowa, given its proximity to both states and its location along the Great River Road.

11. In addition to offering a wide variety of fine wines from around the world and other beverages and foods, UnWine'd offers gift items for sale, including personalized gifts that are created by an in-house designer. UnWine'd also hosts various social events, and customers can reserve various spaces within the restaurant for private events.

12. As a consequence of UnWine'd's extensive promotion and advertising of its goods and services under the UNWINE'D Mark, consumers have come to associate its wine bar services and related goods as originating with UnWine'd.

## II. **Defendant Root River Unwined**

13. Upon information and belief, Lori and Randy Rakosnik (together, the "Rakosniks") are the owners of Root River Unwined, which is located in Lanesboro, Minnesota, about an hour's drive from Onalaska, Wisconsin. Upon information and belief, one or both of the Rakosniks incorporated the business in Minnesota on or about April 9, 2019. Upon information and belief, the Rakosniks purchased the historical building that they have now renovated and now houses Root River Unwined in or about February, 2019.

Upon information and belief, Root River Unwined opened for business on or about June 1, 2020.

14. Like Plaintiff, Root River Unwined maintains a website and Facebook page. According to its website at https://unwinedlanesboro.com/, Root River Unwined offers a wide variety of wines and "shareable plates" at their wine bar.

15. Upon information and belief, Plaintiff's and Root River Unwined's services are offered to the same classes of consumers, through the same advertising channels, in the same geographical areas.

### III. Defendants' Deceptive and Improper Acts Giving Rise To This Action

16. Upon information and belief, in the summer of 2018, before developing the Root River Unwined business, the Rakosniks visited UnWine'd in Onalaska and stated to Schoh that they intended to open a similar business in Lanesboro and use the name "Unwined." Schoh objected given the similarity of the name to Plaintiff's restaurant and wine bar and the proximity of the businesses.

17. Upon information and belief, the Rakosniks ignored Schoh's concerns and purchased a historical building for their business in or about February 2019.

18. Upon information and belief, the Rakosniks formed Root River Unwined on or about April 9, 2019, under the name "Unwined LLC." Upon information and belief, the Rakosniks purchased the domain and registered the website www.unwinedlanesboro.com on or about April 4, 2021, and established a Facebook page for the business on or about July 17, 2019. Shortly thereafter, Defendant began posting updates to its website and/or its Facebook page regarding ongoing renovations, hiring, and anticipated opening date.

19. Defendant's use of a name and mark that is confusingly similar to the UNWINE'D Mark in connection with restaurant and bar services has caused actual consumer confusion to the detriment of UnWine'd. In the fall of 2019, UnWine'd began to receive inquiries from customers and potential customers who had seen advertisements and information online about Root River Unwined and wanted to know whether Plaintiff was opening a second location or franchise in Lanesboro.

20. Upon discovery of the Rakosniks' business and social media posts regarding its planned opening, Schoh contacted Lori Rakosnik in or about October, 2019, informing her of UnWine'd's rights in the "UnWine'd" name and asking that Defendant refrain from using the term "Unwined" in view of the similarity of the spelling and font of the name, the geographic proximity of the respective businesses, and the overlapping services, all of which were likely to confuse customers and potential customers into believing that the two businesses were related.

21. Upon information and belief, the Rakosniks added the geographically descriptive term "Root River" to their business name in response to Schoh's demands. Schoh advised the Rakosniks that this change was insufficient to dispel consumer confusion, as customers were still likely to view the Rakosniks' business as a franchise or second location of UnWine'd.

22. Upon information and belief, on or about June 1, 2020, the Rakosniks opened their wine bar business under the name "Root River Unwined."

23. On or about June 13, 2020, Schoh sent a cease and desist letter to the Rakosniks reiterating UnWine'd's prior rights in the name "UnWine'd" and informing

them of the early confusion she had already experienced amongst her customers, several of whom had inquired about whether there was an affiliation between UnWine'd and Root River Unwined. The letter demanded that the Rakosniks cease use of the term "Unwined" and any similar variations in connection with their business. To date, Defendant has refused to comply with Plaintiff's demands.

24. Defendant's use of the confusingly similar name "Root River Unwined" in connection with the advertising and offering of restaurant and bar services has confused and deceived, and is likely to continue to confuse and deceive, consumers into believing that Root River Unwined and its services are offered by, affiliated with and/or sponsored by UnWine'd.

25. UnWine'd has received numerous inquiries from existing and potential customers demonstrating actual confusion amongst consumers, from inquiries regarding menu items, hours, or reservations that correspond to Root River Unwined to confusion with job applications and internet searching.

26. UnWine'd has suffered and will continue to suffer damages as a result of the consumer confusion caused by Root River Unwined's improper and infringing acts.

27. Upon information and belief, the Rakosniks have been aware of UnWine'd's rights in its UNWINE'D Mark since at least as early as the summer of 2018.

28. Despite such knowledge, the Rakosniks and Defendant have intentionally continued to use the confusingly similar name "Unwined" in connection with a restaurant and wine bar located approximately one hour away from UnWine'd and unjustly reaping

the benefits of UnWine'd's branding and goodwill, which has been built up over more than fifteen years in business.

## COUNT I
## Federal Unfair Competition (15 U.S.C. § 1125(a))

29. Plaintiff adopts and re-alleges paragraphs 1 through 29 as if fully set forth herein.

30. During its time in business, Plaintiff has developed and created a restaurant and wine bar business offering specialty wines in a unique atmosphere. These efforts have created goodwill associated with UnWine'd and the UNWINE'D Mark.

31. Defendant has used and continues to use a mark that is confusingly similar to the UNWINE'D Mark in connection with a business that offers restaurant and bar services that are nearly identical to those offered by UnWine'd, to the same class of consumers, who are drawn from overlapping geographic areas.

32. The Root River Unwined name is confusingly similar in appearance, sound, and meaning to Plaintiff's name "UnWine'd."

33. By continuing to offer its bar and restaurant services, also from a renovated historical building that is located only about an hour away, in connection with a mark that is confusingly similar to the UNWINE'D Mark, Defendant has caused and will continue to cause a likelihood of consumer confusion and actual consumer confusion as to an affiliation or connection with UnWine'd and its UNWINE'D Mark, all of which constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

34. Upon information and belief, Defendant's conduct as alleged herein is willful and has caused and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant's business with Plaintiff.

35. Unless restrained by this Court, Defendant will continue to engage in deceptive and unfair trade practices and cause damage to UnWine'd's business and its rights in its UNWINE'D Mark in which it has built goodwill, the type of damage and injury for which UnWine'd has no adequate remedy at law.

## COUNT II
## State Law Deceptive Trade Practices (Minn. Stat. Ann. § 325D.44)

36. Plaintiff adopts and re-alleges paragraphs 1 through 36 as if fully set forth herein.

37. Plaintiff has built valuable goodwill in its brand identity by thoughtfully choosing its offerings and location and by creating a unique atmosphere in a renovated historical building.

38. Defendant's use of the confusingly similar term "Unwined" in connection with nearly identical restaurant and bar services offered out of a renovated historical building constitutes deceptive trade practices in violation of Minn. Stat. Ann. § 325D.44.

39. Defendant's actions have caused and will continue to cause irreparable damage and injury to Plaintiff if not enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT III
### Common Law Unfair Competition

40. Plaintiff adopts and re-alleges paragraphs 1 through 40 as if fully set forth herein.

41. Defendant's actions set forth above constitute unfair competition under the common law of Minnesota based on Defendant's use of the confusingly similar term "Unwined" in connection with its restaurant and wine bar business.

42. Defendant has taken advantage of the goodwill Plaintiff has built for its business and in its UNWINE'D Mark by using a confusingly similar name in connection with its business that mimics the look and feel of Plaintiff's business in a manner that has caused and will continue to cause a likelihood of consumer confusion and actual consumer confusion.

43. Defendant's actions have caused and, unless enjoined, will continue to cause irreparable damage to Plaintiff's rights in its UnWine'd name and mark and to Plaintiff's business, reputation, and goodwill.

44. Plaintiff has no adequate remedy at law.

## COUNT IV
### Common Law Trademark Infringement

45. Plaintiff adopts and re-alleges paragraphs 1 through 45 as if fully set forth herein.

46. Plaintiff has used the name and mark UNWINE'D in a geographical area comprising the State of Minnesota and beyond.

47. Defendant's actions as set forth herein constitute trademark infringement under the common law of the State of Minnesota.

48. As a result of Defendant's infringement as set forth herein, UnWine'd has suffered and will continue to suffer monetary damages in an amount to be determined at trial.

49. Defendant has profited from its infringement.

50. Defendant's infringement of the UNWINE'D Mark was and is willful and/or intentional.

51. Plaintiff does not have a fully adequate remedy at law.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A. An Order determining that Defendant has engaged in unfair competition and deceptive trade practices in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and Minn. Stat. Ann. § 325D.44;

B. An Order determining that Defendant has engaged in unfair competition and trademark infringement in violation of Minnesota common law;

C. Preliminarily and permanently enjoining Defendant from selling, offering to sell, marketing, promoting, or advertising its goods or services under the UNWINE'D Mark or under any designation likely to be confused with the UNWINE'D Mark, including

but not limited to any other mark that is a counterfeit, simulation, confusingly similar variation, or colorable imitation of Plaintiff's UNWINE'D Mark;

D. Preliminarily and permanently enjoining Defendant from engaging in any act that infringes Plaintiff's rights in its UNWINE'D Mark;

E. Preliminarily and permanently enjoining Defendant from engaging in any act that unfairly competes with Plaintiff;

F. Preliminarily and permanently enjoining Defendant from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the UNWINE'D Mark or any other mark that infringes or is likely to be confused with Plaintiff's UNWINE'D Mark, or any goods or services of Plaintiff;

G. Ordering the destruction of all advertising, signage and materials that consist of or incorporate the term "Unwined" or any other mark that infringes or is likely to be confused with Plaintiff's UNWINE'D Mark;

H. Directing Defendant to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction, confirmation in writing setting forth the manner in which it has complied with the injunction;

I. A judgment awarding Plaintiff monetary relief for profits received by Defendant as a result of sales and revenues based on its unfair competition, deceptive trademark practices, and trademark infringement;

J. A judgment awarding Plaintiff monetary relief for damages incurred by Plaintiff as a result of Defendant's unlawful actions, said award to be trebled due to the exceptional nature of this case;

K. A judgment awarding Plaintiff compensatory and punitive damages on those claims to which it is entitled to such relief;

L. A judgment awarding Plaintiff the attorneys' fees it has incurred in investigating, bringing and prosecuting this action;

M. A judgment awarding Plaintiff the costs and disbursements of this action;

N. A judgment awarding Plaintiff pre- and post-judgment interest on any monetary award; and

O. Such other and further relief as the Court may deem just, equitable, and proper.

Dated: April 8, 2021              Respectfully submitted,

COZEN O'CONNOR

By: */s/ Cassandra Jacobsen*
Mayura Noordyke (Reg. No. 0397610)
Cassandra Jacobsen (Reg. No. 0400120)
33 South Sixth Street, Suite 3800
Minneapolis, Minnesota 55402
T: (612) 260-9074
F: (612) 260-8020
MNoordyke@cozen.com
CJacobsen@cozen.com

        Lisa A. Ferrari *(pro hac vice motion to be filed)*
        3 WTC, 175 Greenwich St., 55th Floor
        New York, New York 10007
        T: (212) 297-2699
        F: (646) 588-1459
        LFerrari@cozen.com

*Attorneys for Plaintiff UnWine'd WI LLC*